UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

| | |
|---|---|
| SANTIAGO CATALAN, on behalf of himself and all others similarly situated, | Civil Action No.: |
| Plaintiff, | **FLSA COLLECTIVE COMPLAINT** |
| -against- | |
| BLINKS DELI, INC., d/b/a BLINKS DELI AND PIZZA, and CHUNG PAK, individually | **JURY TRIAL REQUESTED** |
| Defendants. | |

-------------------------------------------------------------------------X

Plaintiff Santiago Catalan ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through their attorneys, The Law Offices of Yale Pollack, P.C., complaining of Defendants Blinks Deli, Inc. d/b/a Blinks Deli and Pizza ("Blinks") and Chung Pak ("Pak") (collectively "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of Defendants.

2. Plaintiff also brings this action on behalf of all similarly situated current and former employees of all restaurants owned and operated by Defendants pursuant to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

4. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff Santiago Catalan

6. Plaintiff is an adult individual residing in Queens, New York.

7. From June 2017 until June 2021, Plaintiff was employed as a deliveryman and cook at Blinks located at 43-01 35th St in Long Island City, New York 11101.

8. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

### Defendant Chung Pak

9. Pak is an owner, principal, and manager of Blinks.

10. At all relevant times, Pak maintained control, oversight and the direction of Blinks in Long Island City, New York 11101. Specifically, Pak held the power and authority to hire and fire employees, control employee work schedules, set employee wage rates, and maintain employee pay records.

11. Pak is a person engaged in business in Queens County, and is sued individually in his capacity as an owner, officer and/or agent of Blinks.

**Defendant Blinks Deli**

12. Blinks is a domestic corporation in the restaurant industry, having its principal place of business located at 43-01 35th St in Long Island City, New York.

13. At all times relevant to this action, Blinks was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. Upon information and belief, Blinks has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

15. Defendants jointly employed Plaintiff and similarly situated employees at all relevant times.

16. Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions and the practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings Count One individually and on behalf all similarly situated persons who have worked as non-exempt workers at Blinks who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

18. The FLSA Collective Plaintiffs consist of approximately ten similarly situated current and former employees of Blinks, who have been victims of Defendants' policies and practices that have violated their rights under the FLSA by, *inter alia,* willfully denying them minimum wages and overtime wages.

19. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective Plaintiffs.

20. Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective Plaintiffs were not paid the appropriate minimum wage for some or all hours worked.

21. Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective Plaintiffs were not paid the premium overtime wage for all hours worked beyond 40 hours per workweek.

22. All the work that Plaintiff and the FLSA Collective Plaintiffs have performed was assigned by Defendants, and/or Defendants have been aware of all work that Plaintiff and the FLSA Collective Plaintiffs have performed.

23. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to:

> (a) willfully failing to pay deliverymen, cooks, dishwashers, and other kitchen employees, including Plaintiff and the FLSA Collective Plaintiffs, the appropriate statutory minimum wage for some or all hours worked; and
>
> (b) willfully failing to pay deliverymen, cooks, dishwashers, and other kitchen employees, including Plaintiff and the FLSA Collective Plaintiffs, the appropriate premium overtime wages for hours worked in excess of 40 hours per workweek; and
>
> (c) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective Plaintiffs, have worked for the benefit of Defendants.

24. Defendants' unlawful conduct, as described in this Complaint, is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate Plaintiff and the FLSA Collective Plaintiffs for the overtime hours worked.

25. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs the statutory minimum wage and overtime premiums for hours worked in excess of 40 per workweek.

26. Plaintiff and the FLSA Collective Plaintiffs perform or performed the same primary duties and were subject to the same policies and practices by Defendants.

27. Defendants' unlawful conduct is widespread, repeated and consistent.

28. There are many similarly situated current and former non-exempt workers who have been denied minimum wages and/or overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216(b).

29. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## PLAINTIFF'S FACTUAL ALLEGATIONS

**Allegations Common to All Plaintiffs**

30. Deliverymen, cooks, dishwashers, and other kitchen employees were not paid the statutory minimum wage for all hours worked as required by the FLSA and NYLL.

31. Deliverymen, cooks, dishwashers, and other kitchen employees regularly worked more than 40 hours per week for Defendants but were not paid time and one half for all overtime work as required by the FLSA and NYLL.

**Allegations as to Plaintiff Santiago Catalan**

32. From on or about June 1, 2017 to on or about June 27, 2021, Plaintiff worked for Defendants.

33. Plaintiff's duties included delivering food, preparing food, and maintaining the cleanliness of the restaurant.

34. From on or about June 1, 2017 to on or about June 27, 2021, Plaintiff worked six days per week from 6:00 a.m. to 3:00 p.m.

35. Plaintiff's employment with Defendants ended on or about June 27, 2021.

**Plaintiff's Pay Rates**

36. From on or about June 1, 2017 to on or about June 27, 2021, Plaintiff was paid a weekly wage of $300.

37. This salary was not inclusive of overtime. Rather, it was just for the first 40 hours that he worked.

38. Defendants failed to pay Plaintiff the statutory minimum wage in compliance with the FLSA and NYLL.

39. Defendants failed to pay plaintiff the applicable overtime rate in compliance with the FLSA and NYLL.

40. Defendants failed to furnish Plaintiff with accurate statements of wages, hours worked, rates paid and gross wages.

41. At no time during his employment did Plaintiff receive notice of any form of a tip credit being taken towards his wages.

**Defendants' Violations of the Wage Theft Prevention Act**

42. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates.

43. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours

6

worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

44. Plaintiff was never given a notice in English and his native language containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" named used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## COUNT ONE
### Fair Labor Standards Act—Overtime Wage Violations
### (Brought on behalf of Plaintiff and the FLSA Collective Plaintiffs)

45. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendants were required to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages at a rate of one and one-half (1.5) times their regular rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 209, *et seq*.

47. Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

48. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

49. Defendants' unlawful conduct has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

50. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

51. Due to Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs are entitled to recover overtime compensation in an amount to be determined at trial, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**COUNT TWO**
**New York Labor Law—Overtime Wage Violations**
**(Brought on behalf of Plaintiff)**

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants have failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

54. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

55. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## COUNT THREE
### New York Labor Law—Minimum Wage Violations
### (Brought on behalf on Plaintiff)

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants have failed to pay Plaintiff the proper minimum wage to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

58. Through their knowing or intentional failure to pay Plaintiff the proper minimum wage for some or all of the hours he worked, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

59. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## COUNT FOUR
### New York Labor Law—Failure to Provide Annual Wage Notices
### (Brought on behalf of Plaintiff)

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

80. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

81. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, together with reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## COUNT FIVE
## New York Labor Law—Failure to Provide Wage Statements
## (Brought on behalf of Plaintiff)

82. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

84. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

85. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each work day that the violation occurred, or a total of five thousand dollars, together with reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 198;

C. Unpaid overtime pay and liquidated damages permitted by law pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations;

D. Statutory penalties of fifty dollars for each work day that Defendants have failed to provide Plaintiffs with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

E. Statutory penalties of two hundred fifty dollars for each work day that Defendants have failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

  F.  Prejudgment interest pursuant to the NYLL and CPLR § 5004;

  G.  Post-judgment interest pursuant to 28 U.S.C. § 1961;

  H.  An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

  I.  Reasonable attorneys' fees and costs of the action; and

  J.  Such other and further relief as this Court deems just, equitable and proper.

Dated: October 12, 2022
    Syosset New York

            Respectfully submitted,

            **THE LAW OFFICES OF YALE POLLACK**

            By: */s/ Yale Pollack*
               Yale Pollack, Esq.
            66 Split Rock Road
            Syosset, New York 11791
            (516) 634-6340
            ypollack@yalepollacklaw.com

            *Attorneys for Plaintiff*