**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SANTIAGO CATALAN, on behalf of himself and
all others similarly situated,

                                Plaintiff,          **REPORT AND RECOMMENDATION**

      -against-                             **22-CV-6159-NRM-ST**


BLINKS DELI, INC., d/b/a BLINKS DELI AND
PIZZA, and CHUNG PAK, individually,

                              Defendants.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

      Plaintiff, Santiago Catalan ("Catalan"), on behalf of himself and all others similarly situated, brought an action alleging various claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendant Blinks Deli, Inc., d/b/a/ Blinks Deli and Pizza ("Blinks"), and Chung Pak ("Pak"), individually (collectively "Defendants").  Plaintiff alleges that Defendants have consistently failed to appear or otherwise defend this action and therefore moves for default judgment against Defendants.

      The Honorable Nina R. Morrison referred this matter to the undersigned to issue a Report and Recommendation.

      For the reasons set forth below, this Court recommends that the District Court grant Plaintiff's Motion for Default Judgment ("Motion") and award Plaintiff damages as described herein.

I.    **BACKGROUND**[1]

A. **Factual Background**

1. *The Parties*

Plaintiff Santiago Catalan is an adult individual residing in Queens, New York.  *See* Pl.

Compl. at ¶ 6., ECF 10-5.  From June 2017 through June 2021, Plaintiff was employed as a

deliveryman and cook at Blinks located at 43-01 35th St in Long Island City, New York 11101.

*Id.* at ¶ 7.  Plaintiff further alleges that he is a covered employee under the FLSA and the NYLL.

*Id.* at ¶ 8.

Defendant Chung Pak is an owner, principal, and manager of Blinks.  *Id.* at ¶ 9.  Plaintiff's

Complaint alleges that: "At all relevant times, Pak maintained control, oversight and the direction

of Blinks in Long Island City, New York 11101.  Specifically, Pak held the power and authority

to hire and fire employees, control employee work schedules, set employee wage rates, and

maintain employee pay records."  *Id.* at ¶ 10.

Defendant Blinks Deli is a domestic corporation in the restaurant industry, having its

principal place of business located at 43-01 35th St in Long Island City, New York.  *Id.* at ¶ 12.

Plaintiff further alleges that at all times relevant to this action, Blinks was an "enterprise engaged

in interstate commerce" under the FLSA.  *Id.* at ¶ 13.  Moreover, Plaintiff alleges that "[u]pon

information and belief, Blinks has (1) employees engaged in commerce or in the production of

goods for commerce and handling, selling, or otherwise working on goods or materials that have

been moved in or produced for commerce by any person; and (2) an annual gross volume of sales

in excess of $500,000.00."  *Id.* at ¶ 14.  Plaintiff further alleges that Defendants jointly employed

Plaintiff and similarly situated employees at all relevant times.  *Id.* at ¶ 15.  Finally, Plaintiff alleges

---

[1] Given that Defendants have not responded to Plaintiff's Complaint or filed any papers in this lawsuit, the factual background will be solely based upon Plaintiff's allegations in his Complaint and the instant Motion materials.

that each Defendant had substantial control over Plaintiff and similarly situated employees' working conditions and the employment practices alleged.  *Id.* at ¶ 16.

    *2.  Plaintiff's Employment with Defendants*

Plaintiff alleges that he was employed by Defendant Blinks from June 2017 through June 2021 and that his duties included "delivering food, preparing food, and maintaining the cleanliness of the restaurant."  *Id.* at ¶¶ 32-34; *see also* Declaration of Santiago Catalan ("Catalan Decl.") at ¶¶ 6-7, ECF 11.  From the beginning of his employment to June 27, 2021, Plaintiff worked six days per week from 6:00 a.m. until 3:00 p.m. (fifty-four hours per week).  Pl. Compl. at ¶ 34. Plaintiff was paid $300 per week.  *Id.* at ¶ 36.  Notably, Plaintiff's salary did not include overtime and Plaintiff alleges he never received overtime for any hours worked.  *Id.* at ¶¶ 37-39.

Plaintiff further alleges that Defendants' failure to provide overtime was willful and that Defendants never notified Plaintiff prior to his employment of how Plaintiff was to be paid.  *Id.* at ¶¶ 49, 53-54; Catalan Decl. at ¶¶ 8-9, ECF 11.

Finally, Plaintiff alleges that he never received wage statements from Defendants as required under the New York Wage Theft Prevention Act ("WTPA").  *See* Pl. Compl. at ¶ 43.[2]

**B.  Procedural History**

On October 12, 2022, Plaintiff filed his Complaint against the Defendants.  *See* ECF 1. Shortly thereafter, Plaintiff served a summons to each of the Defendants.  *See* ECF 6-7.[3] Defendants have not responded to date.  Hence, a Clerk's Certificate of Default was entered on November 15, 2022.  *See* ECF 9.

---

[2] For ease of reference, a breakdown of Plaintiff's allegations is as follows: Pl. Compl. ¶¶ 45-51 (Count One: FLSA-Overtime Wage Violations); ¶¶ 52-55 (Count Two: New York Labor Law—Overtime Wage Violations); ¶¶ 56-59 (Count Three: New York Labor Law—Minimum Wage Violations); ¶¶ 78-81 (Count Four: New York Labor Law—Failure to Provide Annual Wage Notices) (note, Plaintiff's Complaint skips from ¶ 59 to ¶ 78); and ¶¶ 82-85 (Count Five: New York Labor Law—Failure to Provide Wage Statements).
[3] Specifically, Defendant Pak was served on October 14, 2022 and Defendant Blinks was served on October 21, 2022. *See* ECF 6-7.

On December 27, 2022, Plaintiff filed the instant Motion for Default Judgment with supporting materials. *See* ECF 10.[4]

On December 28, 2022, the Honorable Nina R. Morrison referred the instant Motion to this Court to issue a Report and Recommendation. *See* ECF entry dated December 28, 2022.

## II.    JURISDICTION

This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337. This Court has supplemental jurisdiction over the New York state law claims.

## III.    LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure calls for a two-step process for obtaining a default judgment. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). First, the plaintiff must request entry of default by the Clerk of the Court. *Id.* (citing Fed. R. Civ. P. 55(a)). Once default has been entered against the non-responsive parties, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Once the plaintiff meets these requirements, the court must accept the factual allegations in the plaintiff's complaint as true and must draw all reasonable inferences in the plaintiff's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Then, the court must determine whether these facts establish the Defendants' liability as a matter of law. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). The court, however, "need not credit the plaintiff's legal conclusions." *Gustavia Home, LLC v. White*, No. 116CV06926CBARER, 2017 WL 6403071, at *2 (E.D.N.Y. Apr. 28, 2017),

---

[4] Note, per the Court's Order on August 28, 2023, Plaintiff provided supplemental documentation discussed *infra*, which included a signed version of Plaintiff's Declaration and contemporaneous time records in support of Plaintiff counsel's attorney's fees application in the instant Motion. *See* ECF 11.

*report and recommendation adopted*, No. 16CV6926CBARER, 2017 WL 6403858 (E.D.N.Y. Dec. 14, 2017) (internal citations omitted).

Unlike allegations pertaining to liability, allegations in the complaint relating to damages are not deemed admitted upon entry of a default; instead, the court considers whether the plaintiff "has met the burden of proving damages to the court with 'reasonable certainty.'" *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15CV6505NGGPK, 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999)).  A court need not conduct an evidentiary hearing to determine damages "as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). "Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." *Llolla v. Karen Gardens Apartment Corp.*, No. 12-CV-1356 MKB JO, 2014 WL 1310311, at *3 (E.D.N.Y. Mar. 10, 2014), *report and recommendation adopted as modified,* No. 12-CV-1356 MKB, 2014 WL 1311773 (E.D.N.Y. Mar. 28, 2014) (internal citations omitted).

## IV.    DISCUSSION

### A.  Liability

This Court concludes that Plaintiff's factual allegations here should be deemed admitted. More specifically, this Court agrees that "Plaintiff has established that Defaulting Defendants did not pay him overtime in compliance with the FLSA and NYLL." *See* Mot. at 9.  This Court further concludes that, due to Defendants' default, it is appropriate for this Court to find that Defendants' failure to compensate Plaintiff under state and federal overtime law was willful.  *See Da Silva v. Bennet St. Dev. Corp.*, No. CV052989ARRMDG, 2010 WL 11651766, at *11 (E.D.N.Y. Sept. 24,

2010), *report and recommendation adopted*, No. 05-CV-2989(ARR)(MDG), 2010 WL 11651765
(E.D.N.Y. Oct. 21, 2010) ("Many courts have found that a defendant's default, in itself, may suffice
to support a finding of willfulness") (citing cases for same proposition); *see also* Mot. at 8 (citing
same).  Finally, "Plaintiff has also established that he was not provided wage notices or wage
statements in violation of the WTPA." *Id.* at 9.  Therefore, this Court concludes that liability is
established as a matter of law and the Court proceeds to analyze damages.

### B.  Damages

This Court concludes that Plaintiff's Declaration and supporting materials provides a
sufficient basis to calculate damages without an inquest hearing.  As liability has been established,
this Court must now ascertain damages with "reasonable certainty." *Credit Lyonnais Sec. (USA),
Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  To prove damages, the movant need only
show that the "compensation sought relate[s] to the damages that naturally flow from the injuries
pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir.
1992).  An evidentiary hearing is not required so long as there is a basis, demonstrated through
detailed affidavits and other documentary evidence, for the damages awarded.  *See Transatlantic
Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (internal
citations and quotations omitted); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir.
1991).

Here, since the employer is in default, Plaintiff may rely on his recollections of hours
worked to establish damages.  *See Da Silva*, 2010 WL 11651766, at *5 (. . . "by defaulting,
defendants have deprived the plaintiffs of the necessary employee records required by FLSA, thus
hampering plaintiffs' abilities to prove their damages" and further recognizing that "[a]s courts
have found, a plaintiff can meet this burden by relying on *recollection alone*.") (internal quotations

and citations omitted) (emphasis added); *see also Pavia v. Around The Clock Grocery, Inc.*, No. 03 CV 6465 ERK, 2005 WL 4655383, at *5 (E.D.N.Y. Nov. 15, 2005) (holding that "where the employer has defaulted, the courts have held that the plaintiff['s] recollection and estimates of hours worked are presumed to be correct.") (internal quotations and citations omitted). Based upon the above precedent, the Court will proceed to analyze the applicable statutes of limitations relevant to the damages analysis and then confirm the damages calculations themselves.

    1.   *This Court Concludes That a Three-Year Statute of Limitations Applies Under the FLSA*

        The statute of limitations under the FLSA extends from two to three years if the cause of action arises out of a *willful* violation. *See* 29 U.S.C. § 255(a). As Plaintiff's Mot. at 10 notes, the Supreme Court has held that a willful violation is one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. . ." *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *see also Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998) (finding that willful failure to pay wages exists "where the employer knowingly, deliberately, [or] voluntarily disregards its obligations to pay wages.") (internal quotations and citations omitted).

        Here, Plaintiff alleges that Defaulting Defendants' failure to pay under the FLSA and NYLL was willful. *See* Pl. Compl. at ¶¶ 51 and 55. Moreover, as discussed *supra*, Defendants' act of defaulting itself constitutes an admission of those allegations. *See, e.g.*, *Da Silva*, 2010 WL 11651766, at *11 ("Many courts have found that a defendant's default, in itself, may suffice to support a finding of wilfulness") (collecting cases for same proposition). Thus, this Court concludes a three-year statute of limitations applies to the FLSA damages.

    2.   *This Court Concludes That a Six-Year Statute of Limitations Applies Under the NYLL*

        The statute of limitations for Plaintiff's claims under the NYLL is six years preceding the

date of the filing of this action. *See* N.Y. Lab. Law §§ 198(3) and 663(3); *see also Vasquez v. Ranieri Cheese Corp.*, No. 07-CV-464-ENV-VVP, 2010 WL 1223606, at \*17 (E.D.N.Y. Mar. 26, 2010) ("New York law has a six-year statute of limitations for violations of its overtime, minimum wage and spread of hours pay requirements. . . Accordingly, Ronconi is liable under New York law for any violations that accrued during the six years that preceded the filing of the action.") (internal citations omitted); *see also* Mot. at 11. Therefore, this Court concludes that the six-year statute of limitations applies to Plaintiff's NYLL claims and damages calculations here.

   *3. This Court Concludes Liquidated Damages May Be Awarded Under the FLSA*

   In addition to allowing for actual damages, the FLSA also provides for liquidated damages of one hundred percent of unpaid wages. *See* 29 U.S.C. § 216(b). It is well established that an employer may not be liable for liquidated damages where the employer can demonstrate that its actions were taken in "subjective good faith" and that the employer had "objectively reasonable grounds" for believing its actions or omissions did not violate the FLSA. *See, e.g.*, *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) ("To establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them.") (internal quotations and citations omitted); *see also Ayres*, 12 F. Supp. 2d at 309 ("Under the FLSA, double damages *are the norm* unless a defendant shows that it acted in good-faith and that its conduct was lawful by providing plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it.") (internal quotations and citations omitted) (emphasis added).

   Here, since Defendants have defaulted and failed to respond to Plaintiff's Complaint to date, Defendants have not met their burden to satisfy the "good faith" exception. *See Zhao v. E. Harlem Laundromat, Inc.*, No. 07 CIV. 0201 RJS HBP, 2010 WL 4628294, at \*9 (S.D.N.Y. Oct.

8, 2010), *report and recommendation adopted in part*, *rejected in part*,[5] No. 07 CIV. 0201 RJS HBP, 2010 WL 4642459 (S.D.N.Y. Nov. 12, 2010*)* ("Because the defendant has ceased defending this action and a default judgment has been ordered, the defendant has not carried the burden of showing that an award of liquidated damages is inappropriate. Therefore, liquidated damages are appropriate under both federal and state law.").[6] Hence, the Court will include liquidated damages in the damages calculations discussed *infra* under both the FLSA and NYLL.[7]

4. *Plaintiff's Damages Calculations*

Per the above discussion, this Court concludes that Plaintiff is entitled to: (a) full overtime and minimum wage damages for unpaid hours worked; (b) liquidated damages under either federal or state law; and (c) damages based upon Defendants' failure to provide wage notices.[8]  Each category is broken down below:

(a) Unpaid Wages and Overtime

First, this Court concludes that under the FLSA and NYLL, Plaintiff's total damages for unpaid wages and overtime is **$107,871.00**.  Since Defendants have defaulted the Court may rely primarily on Plaintiff's "recollection" of hours worked.  *See, e.g.*, *Da Silva*, 2010 WL 11651766,

---

[5] Note, the part of the Report and Recommendations that was rejected in *Zhao* does not impact the pertinent discussion regarding liquidated damages.  Additionally, while *Zhao* is unreported, the Court still finds the decision persuasive based upon the other cases discussing the "good faith" exception outlined above.

[6] The Court also notes the following sentence from Plaintiff's Motion and offers clarification here for the forthcoming analysis: "Thus, the calculations for liquidated damages for Plaintiff reflect liquidated damages under the FLSA from *April 2017* through *April 2020*. . ."  *See* Mot. at 12 (emphasis added).  Since both Plaintiff's Amended Complaint, *see id.* at ¶ 7, and Plaintiff's Unpaid Wages in ECF 10-3 identify Plaintiff's employment as *June 1, 2017* through *June 27, 2021*, the Court will consider liquidated damages from this latter set of dates.

[7] As noted *supra*, the FLSA statute of limitations is three years preceding the filing of Plaintiff's Complaint, which covers Plaintiff's employment from October 12, 2019 through June 27, 2021 (recall the Complaint was filed on October 12, 2022, *see* ECF 1).  Given that Plaintiff also seeks relief under the NYLL, which has a six-year statute of limitations, Plaintiff's remaining employment from June 1, 2017 through October 11, 2019 is covered under the NYLL.  *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 47–48 (E.D.N.Y. 2015) ("I accordingly will not include double liquidated damages in my calculations and related recommendations, although I will include NYLL liquidated damages for the period January 27, 2008 through January 26, 2011, and FLSA liquidated damages for the period January 27, 2011 through March 24, 2013.").

[8] The Court also concludes that Plaintiff is entitled to attorneys' fees, but that will be discussed separately *infra*.

at *5. Hence, the Court's calculation is based upon Plaintiff's Unpaid Wages provided in ECF 10-3 [Wage Exposure Analysis], which the Court has summarized and confirmed to be accurate below:

| Covered period | Weeks in period | Hours Worked Per Week[9] | OT Hours Per Week | Min. Wage [10] | OT Wage Rate[11] | Actual Weekly Payment [12] | Proper Weekly Payment | Weekly Underpayment [13] | Total Wage Exposure[14] |
|---|---|---|---|---|---|---|---|---|---|
| 6/1/2017-12/31/2017 | 30 | 54 | 14 | $10.50 | $15.75 | $300.00 | $640.50 | $340.50 | $10,215.00 |
| 1/1/2018-12/31/2018 | 52 | 54 | 14 | $12.00 | $18.00 | $300.00 | $732.00 | $432.00 | $22,464.00 |
| 1/1/2019-12/31/2019 | 52 | 54 | 14 | $13.50 | $20.25 | $300.00 | $823.50 | $523.50 | $27,222.00 |
| 1/1/2020-12/31/2020 | 52 | 54 | 14 | $15.00 | $22.50 | $300.00 | $915.00 | $615.00 | $31,980.00 |
| 1/1/2021-6/27/2021 | 26 | 54 | 14 | $15.00 | $22.50 | $300.00 | $915.00 | $615.00 | $15,990.00 |

---

[9] Plaintiff claims that through his entire employment of June 1, 2017 through June 27, 2021 he worked 54 hours per week. *Id.* This means he worked 14 overtime hours per week (40 hours plus an extra 14 hours).

[10] Under N.Y. Lab. Law § 652(1)(a)(ii), Defendant Blinks is a "Small Employer" in New York City, which requires the minimum wages listed in the table above. *See also Cuanetl v. Cafe H Inc.*, No. 21CV04316CBACLP, 2022 WL 4124766, at *6 (E.D.N.Y. Aug. 9, 2022), *report and recommendation adopted*, No. 21CV4316CBACLP, 2022 WL 4121480 (E.D.N.Y. Sept. 9, 2022) ("Since defendants' restaurants are located in *Long Island City*, in Queens County, plaintiffs worked in the city of New York and thus are entitled to New York City minimum wages under the NYLL.") (quotations omitted) (emphasis added).

[11] Plaintiff's overtime rate is calculated at time and a half. *See e.g.*, ($10.50) X (1.5) equals $15.75.

[12] Plaintiff alleges that he was paid $300.00 per week for all weeks worked.

[13] An example of how Plaintiff's Weekly Underpayment is calculated is as follows. For 6/1/2017-12/31/2017: (40 hours X $10.50) + (14 OT hours X $15.75) equals $640.50. Since Plaintiff was only paid $300.00 per week, Plaintiff was underpaid $340.50 ($640.50 minus $300.00).

[14] An example of how Plaintiff's Total Wage Exposure is calculated is as follows. For 6/1/2017-12/31/2017: ($340.50 weekly underpayment times 30 weeks) equals $10,215.00.

After adding the figures in the Total Wage Exposure column, Plaintiff's total unpaid wages is **$107,871.00.**

(b) Liquidated Damages

Second, based upon the precedent discussed *supra*, Plaintiff is also entitled to an *additional* $107,871.00 in liquidated damages (100% of compensatory damages discussed above).   *See Ayres*, 12 F. Supp. 2d at 309 ("Under the FLSA, double damages *are the norm* unless a defendant shows that it acted in good-faith . . .") (internal quotations and citations omitted) (emphasis added).

(c) Statutory Damages

Third, this Court also concludes that Plaintiff is entitled to recover the maximum statutory damages of $5,000 each under N.Y. Lab. Law § 198(1-b) and (1-d) for violating both N.Y. Lab. Law § 195(1) and (3) for Defendants' failure to provide wage statements or wage notices.  *See Garcia v. Pawar Bros Corp.*, No. 18-CV-2656 (BMC), 2018 WL 4100482, at *2 (E.D.N.Y. Aug. 28, 2018) (awarding statutory damages of $5,000 each for Failure to provide wage statements (NYLL § 195(3)) and Failure to post wage notice (NYLL § 195(1))); *de Los Santos v. Marte Constr., Inc.*, No. 18CV10748PAEKHP, 2020 WL 8549054, at *8 (S.D.N.Y. Nov. 25, 2020), *report and recommendation adopted*, No. 18CIV10748PAEKHP, 2020 WL 8549055 (S.D.N.Y. Dec. 17, 2020) ("Each Plaintiff alleges, which is accepted as true by this Court given Plaintiff's default, that they never received appropriate wage notices or statements. As such, each plaintiff is entitled to the maximum $5,000 award under NYLL § 198(1-b) and the maximum $5,000 award under NYLL § 198(1-d), for a total of $10,000 per Plaintiff in statutory damages.").  Here, Plaintiff clearly alleges Defendants failed to provide Plaintiff with wage statements or wage notices under the NYLL.  *See* Pl. Compl. at ¶¶ 79. 83.  Hence, statutory damages of $10,000.00 are appropriate.

5. *Plaintiff is Also Entitled to Pre-judgment and Post-judgment Interest*

(a) Pre-Judgment Interest

This Court also concludes that Plaintiff is entitled to pre-judgment interest on the unpaid wages and overtime under the NYLL. "Under the FLSA, pre-judgment interest may not be awarded in addition to liquidated damages." *See de Los Santos*, 2020 WL 8549054, at *6 (citing *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 48 (E.D.N.Y. 2015)). "New York, however, allows recovery for both, though the interest is computed based on actual, not liquidated, damages only." *Id.* (citations omitted).[15] "The availability of both NYLL liquidated damages and pre-judgment interest remains true even where liability is found not only under the NYLL but also under the FLSA." *Id.* (citations omitted).

The statutory pre-judgment interest rate in New York is nine percent per annum. *Id.* at 7 (citing CPLR § 5004). "Where damages subject to pre-judgment interest 'were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.'" *Id.* (quoting CPLR § 5001). Indeed, Courts have "'wide discretion in determining a reasonable date from which to award pre-judgment interest,' and interest is calculated using the simple ... [rather than] a compounded rate." *Id.* (quoting *Fermin*, 93 F. Supp. 3d at 49)). Finally, "[t]he intermediate date used is typically the midpoint of the plaintiff's employment." *Id.* (quotations and citations omitted).

Here, only the lost wages/actual damages are used in the pre-judgment interest calculation, which is a principal balance of $107,871.00. Since Plaintiff's employment for Defendant lasted from June 1, 2017 to June 27, 2021, this Court agrees with Plaintiff's calculation that the

---

[15] Note, pre-judgment interest is also not added to the statutory damages of $5,000 each under N.Y. Lab. Law § 198(1-b) and (1-d) for violating both N.Y. Lab. Law § 195(1) and (3). *See, e.g.*, *Garcia*, 2018 WL 4100482, at *2 (not including pre-judgment interest for the statutory damages).

intermediate date is June 14, 2019. *See* ECF 10-3. Hence, with the June 14, 2019 intermediate date, the daily interest is $26.60 per day, which amounts to $40,961.43 in pre-judgment interest as of today.[16]

(b) Post-judgment Interest

This Court also concludes post-judgment interest is appropriate. Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." "The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered." *See Fermin*, 93 F. Supp. 3d at 53 (internal quotations and citations omitted). In fact, at least one Court in the EDNY "awarded the plaintiffs post-judgment interest, despite their failure to request post-judgment interest, on all sums awarded concerning their FLSA and NYLL wage-and-hours claims." *Id.* (citations omitted).

Here, while Plaintiff's Motion did not analyze post-judgment interest, Plaintiff did *request* post-judgment interest under Section 1961 in both his Motion and Complaint. *See* Mot. at 14 ("Plaintiff is also entitled to pre-judgment interest and post-judgment interest that accrues after a final judgment is entered."); Pl. Compl. Prayer for Relief (G) (requesting "Post-judgment interest pursuant to 28 U.S.C. § 1961), which this Court deems sufficient. Thus, this Court recommends that Plaintiff be awarded post-judgment interest calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate under in 28 U.S.C. § 1961.

*6.  Plaintiff is Also Entitled to Reasonable Attorneys' Fees*

This Court concludes that Plaintiff is also entitled to reasonable attorneys' fees "under both the FLSA and the NYLL" as the prevailing party. *See Cuchimaque v. A. Ochoa Concrete Corp.*,

---

[16] The Court also notes that while Plaintiff's pre-judgement interest calculation is only through December 27, 2022 (the date of Plaintiff's Motion), Plaintiff's Mot. at 14 asserts that: "[t]he exact calculations of these damages should be altered accordingly based on the actual date of judgment," which the Court has done above.

No. 22CV6136RPKRML, 2023 WL 5152336, at *6 (E.D.N.Y. July 18, 2023) (citing 29 U.S.C. § 216(b), N.Y. Lab. L. §§ 198, 663(1)). "Courts in this Circuit exercise their discretion to determine the reasonableness of attorney's fees using the 'presumptively reasonable fee' standard." *Id.* (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 183, 190 (2d Cir. 2008)). "The presumptively reasonable fee, also known as the lodestar, is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

"As a threshold matter, the party seeking fees must provide accurate, detailed and contemporaneous attorney time records." *Id.* at 7 (citing *Scott v. City of New York*, 643 F.3d 56, 58-59 (2d Cir. 2011) (per curiam)). "The court next assesses whether plaintiff's counsel requests a reasonable hourly rate." *Id.* (citations omitted). "A reasonable hourly rate is 'the rate a paying client would be willing to pay ... bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.'" *Id.* (quoting *Arbor Hill*, 522 F.3d at 190). Finally, "[c]ourts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners. . .  in FLSA cases." *Id.* (quotations and citations omitted).

Here, this Court concludes Plaintiff satisfied the above requirements. Specifically, Plaintiff requests a rate of $415.00 which is a *reasonable* range for partners in FLSA cases. *See* Mot. at 16. Moreover, upon the Court's request, Plaintiff submitted contemporaneous time records in ECF 11-1, which adequately detail the basis for the 6.2 hours of work requested.[17]  Therefore, multiplying 6.2 hours times $415.00, this Court recommends an attorneys' fees award of $2,573.00.[18]

---

[17] The Court notes that while Plaintiff requested a higher rate of $425.00 in ECF 11-1, the Court will use the lower rate of $415.00 since that is the rate requested in Plaintiff's Motion itself. *See* Mot. at 16. However, the Court will use the 6.2 hours figure instead of the lower figure of 5.3 hours in Plaintiff's Motion since the Court concludes that Plaintiff's time records in ECF 11-1 adequately calculate 6.2 hours worked.

[18] The Court notes that Plaintiff's Mot. at 16 also requests $592.00 in "expenses." However, because Plaintiff's counsel does not explain or itemize these expenses in either Plaintiff's Motion itself or supplementary time records provided in ECF 11-1, this Court declines to award the expenses.

## V.      CONCLUSION

For the foregoing reasons, this Court recommends that Plaintiffs' Motion for Default Judgment be granted against Defendants jointly and severally totaling $269,276.43 in damages, which is comprised of: $107,871.00 in unpaid wages, $107,871.00 in liquated damages under the FLSA and NYLL, $10,000.00 in notice damages under the NYLL, $40,961.43 in pre-judgment interest on the unpaid wages, plus the attorneys' fees of $2,573.00, and that the District Judge order Defendants to pay post-judgment interest as set forth in 28 U.S.C. § 1961.

## VI.     OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

 /s/ Steven L. Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
September 1, 2023